# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PAUL MICHAEL HUSTON, DONALD E. PHILLIPS and ARTHUR JAMES TRIPLETT, JR. <br><br> Plaintiffs, <br><br> vs. <br><br> KELLY GARCIA, et al., <br><br> Defendants. | No. C20-4019-LTS <br><br> **ORDER** |
| PAUL MICHAEL HUSTON, MICHAEL MILLSAP and SYVENO JEWELL WRIGHT, <br><br> Plaintiffs, <br><br> vs. <br><br> KELLY GARCIA, et al., <br><br> Defendants. | No. C20-4021-LTS <br><br> **ORDER** |
| PAUL MICHAEL HUSTON, <br><br> Plaintiff, <br><br> vs. <br><br> COREY TURNER, et al., <br><br> Defendants. | No. C21-4012-LTS <br><br> **ORDER** |

These cases are before me for an initial review of three pro se 42 U.S.C. § 1983 complaints filed by patients at the Civil Commitment Unit for Sexual Offenders (CCUSO) in Cherokee, Iowa.[1]

In the first case, C20-4019-LTS, plaintiffs Paul Huston, Donald Phillips and Arthur Triplett allege that they have been denied access to religious materials and denied access to a religiously appropriate diet. C20-4019-LTS, Doc. 3. Huston and Triplett both filed motions to proceed in forma pauperis. C20-4019-LTS, Docs. 1, 2. All three plaintiffs filed a motion to appoint counsel. C20-4019-LTS, Doc. 5.

In the second case, C20-4021-LTS, Huston, Michael Millsap, and Syveno Wright allege the food service at CCUSO violates their constitutional rights. C20-4021-LTS, Doc. 4. All three plaintiffs filed motions to proceed in forma pauperis (C20-4021-LTS, Docs. 1-3) and a motion to appoint counsel (C20-4021-LTS, Doc. 5).

In the third case, C21-4012-LTS, Huston makes numerous allegations about events that occurred between 1988 and 2020. C21-4012-LTS, Doc. 1-1. Huston also filed a motion to proceed in forma pauperis (C21-4012-LTS, Doc. 1) and a motion to appoint counsel (C21-4012-LTS, Doc. 2).

## I.  MOTIONS TO PROCEED IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 action is $402.[2] The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other court costs.

---

[1] I have consolidated these three cases into one order because all three cases have at least one plaintiff in common, Paul Huston, there are overlapping defendants and each complaint makes at least one claim related to the food provided at the CCUSO facility.

[2] The § 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52 . . ..").

2

Case 5:20-cv-04021-LTS-KEM    Document 6    Filed 03/19/21    Page 2 of 18

28 U.S.C. § 1915(a)(1). [3] Accordingly, plaintiffs who apply for and receive in forma pauperis (IFP) status may file their cases for free. However, under the Prison Litigation Reform Act (PLRA), prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*.

All plaintiffs in the above captioned cases are patients confined to the CCUSO facility located in Cherokee, Iowa. CCUSO is not a prison. Instead, it "provides a secure, long-term, and highly-structured setting to treat sexually violent predators who have served their prison terms, but who, in a separate civil trial, have been found likely to commit further violent sexual offenses."[4] Thus, the Iowa Code specifies that the persons confined at CCUSO are not prisoners, but civilly-committed patients who suffer from a "mental abnormality." Iowa Code Ch. 229A (generally); Iowa Code § 229A.2(11). Numerous courts have considered the question of whether a patient committed to a state hospital is a prisoner under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals has held that civilly-committed individuals are not prisoners and, therefore, are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Other courts have reached the same conclusion. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied*, *Michau v. Charleston County, S.C.*, 126 S. Ct. 2936 (2006), stating:

> However, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. … *see also Kansas v.*

---

[3] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006), citing *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

[4] *Civil Commitment Unit for Sexual Offenders*, Iowa Department of Human Resources, http://dhs.iowa.gov/mhds/mental/in-patient/ccuso (March 10, 2021).

3

> *Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. *See … Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*id*. at 727-28 (some internal citations omitted.); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("We agree with *Page, Kolocotronis*, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction."); *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) ("Accordingly, we hold that the fee payment provisions of § 1915 applicable to a 'prisoner,' as defined by § 1915(h), do not apply to those civilly committed under the KSVPA."). Thus, the prisoner pay schedule contained in the PLRA is not applicable to cases brought by CCUSO patients. If a civilly-committed plaintiff is entitled to IFP status, that plaintiff may proceed without the payment of fees.

To qualify for IFP status, a non-prisoner plaintiff must provide an affidavit containing: (1) a statement of the nature of the action, (2) a statement that plaintiff is entitled to redress, (3) a statement of the assets plaintiff possesses, and (4) a statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). After considering plaintiffs' motions I find that they all have substantially complied with the requirements set out above. Accordingly, the motions to proceed in forma pauperis (C20-4019-LTS, Docs. 1, 2; C20-4021-LTS, Docs. 1-3; and C21-4012-LTS, Doc. 1) are granted. In C20-4019-LTS and C20-4021-LTS, the complaints are considered filed without the payment of filing fees. In C21-4021-LTS, the Clerk's office is directed to file the complaint without the payment of filing fees.

In C20-4019-LTS, plaintiff Donald Phillips did not include a motion to proceed in forma pauperis. In some cases, I would grant a plaintiff additional time to file a motion to proceed in forma pauperis. However, Phillips is a seasoned litigant who is aware of the requirement that if the filing fee is not paid, each plaintiff must file a motion to proceed in forma pauperis. *See, e.g.*, C18-4016-LRR, C12-4086-MWB (prior cases in which Phillips was a plaintiff). Accordingly, Phillips is dismissed from this case for failure to pay the filing fee.

## II. INITIAL REVIEW STANDARD

There is some debate about a court's ability to dismiss, preservice, a meritless case filed by a non-prisoner. When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). However, even in the case of a non-prisoner, a court may dismiss a filing if it is clearly frivolous. *Id*. Frivolousness is a higher standard than mere failure to state a claim under the Federal Rules of Civil Procedure. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that fails to state claim under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Accordingly, many courts, including this district, rely on § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim pursuant to the familiar Federal Rule of Civil Procedure 12(b)(6) standard. *See e.g., Hutchcroft v. Palmer*, No. C16-4095-LTS, 2017 WL 1196445, at *3 (N.D. Iowa

5

Mar. 29, 2017) and *Sarah Courtney Ctr. v. Chiafos*, No. C19-0023-CJW, 2019 WL 2358425, at *3 (N.D. Iowa June 4, 2019).

## III. ANALYSIS

### A. Standards

#### 1. 42 U.S.C. § 1983

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United

States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Plaintiffs' Claims in C20-4019-LTS*

In this case, Huston and Triplett allege their religious freedoms have been violated because they, as members of the Jewish faith, are denied access to a spiritual advisor to the same extent as patients who practice different faiths. Additionally, they allege their rights are being violated because they are forced to prepare their meals in implements (such as a microwave oven) that are also used to cook non-Kosher foods. They also seemingly allege that their medically-restrictive diets interfere with their ability to keep Kosher.

This is the most recent episode of a long running dispute about these issues. These plaintiffs filed a similar suit in 2012. *See* C12-4020-MWB, Doc. 1. United States District Judge Mark W. Bennett conducted an initial review, granted plaintiffs in forma pauperis status, appointed counsel for them and directed them plaintiffs to file an amended complaint. . C12-4020-MWB, Docs. 5, 10. However, the parties entered a settlement before any additional filings were docketed. C12-4020-MWB, Docs. 14, 15.

In 2014, the same plaintiffs filed another similar suit. *See* C14-4083-LTS. Senior United States District Judge Donald E. O'Brien conducted an initial review, granted plaintiffs in forma pauperis status and appointed counsel for them. C14-4083-LTS, Doc. 3. Again, the parties voluntarily dismissed the case prior to a ruling on the merits. C14-4083-LTS, Doc. 19. In 2017, the plaintiffs filed a motion to reopen the case. C14-4083-LTS, Doc. 22. I denied that motion, stating:

> Plaintiffs' motion fails to set forth any of the exceptional circumstances set forth in Rule 60(b). As set forth in defendants' resistance (Doc. No. 23), the brunt of plaintiffs' motion is a complaint that defendants have not complied with the settlement agreement that prompted the stipulated dismissal. Even if plaintiffs' allegations are true, they do not constitute any of the above-listed reasons that could justify the requested

7

> relief. Further, plaintiffs waited over two years before filing their motion to reopen—well over the one-year limitation for a motion based on allegations of mistake, newly discovered evidence or fraud, and certainly an unreasonable period of time to bring a motion to reopen for any other Rule 60(b) reason. Plaintiffs have not offered any reason for the delay.
>
> Although the prior stipulation was made with prejudice (Doc. No. 19 at 1), if there have been subsequent violations of plaintiffs' constitutional rights, they may file a new action to address those violations. However, their motion (Doc. No. 22) to reopen this dismissed case is denied.

C14-4083-LTS, Doc. 25.

To determine whether a CCUSO regulation violates a patients' religious rights, courts employ the four-factor *Turner* test. *See Love v. Reed*, 216 F.3d 682, 690 (8th Cir. 2000), *citing Turner v. Safley*, 482 U.S. 78 (1987). Considering that standard, I find that plaintiffs' allegations that: (1) they are forced to prepare food in a way that is spiritually offensive; (2) their ability to eat in the manner prescribed by their religion is affected by CCUSO policies; and (3) they are denied access to a spiritual advisor to the same extent as other CCUSO patients, are sufficient to survive summary dismissal. *See Thompson v. Vilsack*, 328 F. Supp. 2d 974, 979 (S.D. Iowa 2004) (setting out the appropriate standard for claims that state defendants violated plaintiffs' rights when requiring patients to co-pay the cost of kosher meals while at CCUSO.) Accordingly, those claims will be allowed to proceed.

### C. Plaintiffs' Claims in C20-4021-LTS

In this complaint, Huston, Millsap and Wright allege that the food provided by CCUSO violates their rights. "[D]eliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Under this standard:

8

> [a] plaintiff may demonstrate violation of his constitutional rights by evidence "that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id*. *See also Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that inmate claiming inadequate diet must allege losing weight, suffering adverse physical effects, or being denied nutritionally or calorically adequate diet), cited with approval in *Davis v. Missouri*, 389 Fed. Appx. 579, 579 (8th Cir. 2010). To demonstrate a constitutional violation, [plaintiff] must show that the defendants were deliberately indifferent to his nutritional needs, that is, "failed to act despite … knowledge of a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 842, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

*Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016).

The Eighth Circuit Court of Appeals has recently clarified that when pretrial detainees and civilly committed patients claim that their conditions of confinement are punitive, the standard is neither deliberate indifference nor the "shocks the conscious" standard discussed in other recent civil commitment cases (*see Karsjens v. Piper*, 845 F.3d 394, 408 (8th Cir. 2017) (*Karsjens 1*)). Rather, the appropriate standard is the one described in *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). As the Eighth Circuit stated:

> In analyzing whether a condition of confinement is punitive, courts "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538, 99 S. Ct. 1861. Unless the detainee can show "an expressed intent to punish …, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation' " to such alternative purpose. *Id*. (alteration in original) (citation omitted)…

*Karsjens v. Lourey,* --- F.3d ----, 2021 WL 709565, at *3 (8th Cir. 2021) (*Karsjens 2*). However, the court cited *Ingrassia*, stating that, "[w]e have previously considered a claim of inadequate nutrition, but because that claim involved only the medical effects of inadequate nutrition and the plaintiff did not allege it was punitive, we applied the deliberate indifference standard." *Karsjens 2*, 2021 WL 709565, at *3, fn. 4. Thus,

9

deliberate indifference remains viable to the extent a plaintiff's claim is that institutional food does not provide adequate nutrition.

Turning to the complaint, plaintiffs' claims are far from clear. For example, the first sentence of the "Statement of Claims" states, "I do not have diabetes..." C20-4021-LTS, Doc. 4 at 1. But, later the "Statement of Claims" it states, "I have diabetes..." *Id*. It is impossible, with one exception, to determine who the "I" refers to at any given point in the complaint. Regardless, the claim plaintiffs appear to be attempting to make is that the food at CCUSO is unhealthy. *See* C20-4021-LTS, Doc. 4 at 1, stating, "[a]s the diets here are, they are not healthy, they st[a]ck tons of pasta & lots of potatoes..." Accordingly, deliberate indifference is the proper standard.[5] However, and notwithstanding plaintiffs' unsupported assertion that CCUSO's food is "unhealthy," the bulk of the complaint seems to be nothing more than a long allegation that the food provided by CCUSO is not what they would prefer to eat, or paradoxically, that they are not allowed "seconds" of certain items. Neither type of allegation is sufficient to state a claim under the deliberate indifference standard.

At the bottom of the "Statement of Claims," however, there is an allegation that "I have lost 30 lbs in 3 weeks." C20-4021-LTS, Doc. 4 at 2. That claim could be sufficient to survive initial review if it was clear who the "I" refers to. *See Day v. Norris*, 219 F. App'x 608, 610 (8th Cir. 2007) (unpublished) (the district court dismissed an inadequate nutrition claim on initial review; the Eighth Circuit Court of Appeals reversed, finding that a similar allegation was sufficient to survive summary dismissal). As such, I will give Huston, Millsap and Wright 30 days to file their own, individual amended

---

[5] Plaintiffs do state that food at CCUSO constitutes cruel and unusual punishment. However, that is a conclusory claim that is not backed up by any allegation in the complaint. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating a claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action.") Plaintiffs' do not make any specific allegation of a punitive action that could be appropriately considered under the *Bell* standard discussed above.

complaints. The Clerk's office is directed to send them three copies of the standard § 1983 form. Each plaintiff is required to fill out their own complaint and include only the allegations that are personally relevant to them. Those amended complaints must follow the Federal Rules of Civil Procedure and this court's Local Rules, and plaintiffs must use the standard § 1983 form provided by the Clerk's office. Additionally, the amended complaints must clearly list the case number for this case, C20-4021-LTS. Finally, plaintiffs may not include any claims unrelated to those from the original complaint (C20-4021-LTS, Doc. 4). If plaintiffs do not file amended complaints within 30 days, or those complaints do not comply with the rules described above, they will be dismissed with no further order of the court.[6]

### D. *C21-4012-LTS*

In the final case, Huston presents a long narrative "Statement of Claim" that covers more than thirty years of grievances. To the extent Huston repeats claims regarding the food at CCUSO generally, his access specifically to Kosher food, or access to religious materials, those claims are denied as duplicative of his other cases. The remaining claims, for various reasons, fail to state a claim as required by Federal Rule of Civil Procedure 8(a).

Huston makes allegations about alleged assaults that occurred in 1988, 2010, 2015 and 2018. Huston mailed the complaint in C21-4012-LTS on March 1, 2021. Section 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). Accordingly, claims

---

[6] Upon filing of the amended complaints, I will consider whether it is appropriate to keep this case consolidated or whether each plaintiff's claim should proceed separately.

related to events that occurred in 1988, 2010, 2015 and 2018 are barred by the statute of limitations.

Huston makes a claim that in 2020, another patient, Cameron Jackson, briefly took his skull cap and pulled his hair. Other CCUSO patients are not state actors within the meaning of § 1983. Thus, Huston has failed to allege how this alleged event could amount to a constitutional violation. Huston also alleges that another patient, Geoffrey Thomas, pushed him on September 22, 2020. Again, Huston does not allege how that could be a constitutional violation.

Huston makes numerous claims about another patient, "Vantine." Huston alleges that Vantine pushed him down in August 2020. Again, Huston does not state how that is a constitutional violation.[7] Additionally, Huston alleges Vantine assaulted other CCUSO patients. However, Huston cannot bring claims on behalf of other people. Next, Huston alleges that on August 19, 2020, another patient, Jack Merrifield sexually accosted him when he "grab[bed] my ass." As with his other similar claims, Huston does not allege how that amounts to a violation of his constitutional rights.

Finally, to the extent Huston raises other miscellaneous issues in his narrative statement, he has failed to state how they violate his constitutional rights, nor has he explained who the appropriate defendants would be. For the forgoing reasons, Huston's complaint in C21-4012-LTS is denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### IV. MOTIONS TO APPOINT COUNSEL

In each case the parties filed a motion to appoint counsel. *See* C20-4019-LTS, Doc. 5; C20-4021-LTS, Doc. 5; and C21-4012-LTS, Doc. 2. Under 28 U.S.C.

---

[7] He notes several CCUSO staff members were present at the time of that incident, but none of those people are named as defendants in this case.

§1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants. *Phillips*, 437 F.3d at 794." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

*Redwing*, 146 F.3d at 546; *see also Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (stating that the court should consider: (1) the factual complexity of the issues; (2) the ability of the plaintiff to investigate the facts; (3) the existence of conflicting testimony; (4) the ability of the plaintiff to present their claims; and (5) the complexity of the legal arguments). However, those factors are not exclusive, and the court may consider other issues. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 890 (8th Cir. 2020) (reversing the district court's denial of a motion to appoint counsel after finding that the plaintiff presented "a serious claim" and the "the case otherwise cannot proceed to a timely decision on the merits" without the assistance of counsel).

As discussed above, in C20-4019-LTS, plaintiffs' claim will be allowed to proceed. Considering the complexity of the issues, which will necessarily include consideration of prior settlements, I find that the appointment of counsel is warranted. As a result, plaintiffs' motion to appoint counsel (C20-4019-LTS, Doc. 5) is granted.[8]

---

[8] Counsel is appointed solely for the three religious rights issues described in plaintiff's original complaint (C20-4019-LTS, Doc. 3) and discussed above. Plaintiffs will not be allowed to add unrelated claims to C20-4019-LTS, especially claims that are being considered in, or have been dismissed from, other cases, including those described elsewhere in this order.

Appointed counsel is directed to file an amended complaint within 60 days of the date of this order.

In C20-4021-LTS, plaintiffs' motion to appoint counsel is denied without prejudice. Plaintiffs' may renew their request for counsel after they have filed their amended complaints. In C21-4012-LTS, Huston's motion to appoint counsel is denied as moot.

## V. CONCLUSION

For the reasons set forth herein:

1. In C20-4019-LTS, both Huston's and Triplett's motions to proceed in forma pauperis (Docs. 1, 2) are **granted**.
2. The complaint in C20-4019-LTS (Doc. 3) is considered filed without the payment of fees.
3. However, Phillips is **dismissed** from C20-4019-LTS for failing to pay the filing fee or to file a motion to proceed in forma pauperis.
4. In C20-4019-LTS, the motion to appoint counsel (Doc. 5) is **granted**. The Clerk's office is directed to appoint counsel to represent the plaintiffs in this case. Appointed counsel is **directed** to file an amended complaint within 60 days from the date of this order.
5. The Clerk's office is **directed** to serve, via certified mail, the complaint in C20-4019-LTS (Doc. 3), the waiver of service of summon forms and a copy of this order on defendants c/o the Iowa Attorney General's Office.[9]
6. In 20-4021-LTS, plaintiffs' motions to proceed in forma pauperis (Docs. 1-3) are **granted**.

---

[9] The Clerk's office may include copies for both defendants in one package sent to the Iowa Attorney General's Office.

14

7. The complaint in C20-4021-LTS (Doc. 4) is considered filed without the payment of fees.

8. The plaintiffs in C20-4021-LTS will be given 30 days from the date of this order to file amended complaints, following the specific rules set out in this order. If plaintiffs do not file amended complaints following those rules within 30 days, C20-4021-LTS will be dismissed with no further order of the court. The Clerk's office is directed to send plaintiffs three copies of the standard 42 U.S.C. § 1983 form.

9. In C20-4021-LTS, plaintiffs' motion to appoint counsel (Doc. 5) is **denied** without prejudice. Plaintiffs may renew their request after they have filed amended complaints.

10. In C21-4012-LTS, Huston's motion to proceed in forma pauperis (Doc. 1) is **granted** and the Clerk's office is **directed** to file the complaint (Doc. 1-1) without the payment of the filing fee.

11. After an initial review, Huston's claims in C21-4012-LTS are **denied** and the case is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

12. Huston's motion to appoint counsel in C21-4012-LTS (Doc. 2) is **denied** as moot.

**IT IS SO ORDERED.**

**DATED** this 19th day of March, 2021.

_____
Leonard T. Strand, Chief Judge

15

# NOTICE OF LAWSUIT,
## and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANTS IN THE FOLLOWING CAPTIONED ACTION:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PAUL MICHAEL HUSTON, et al., | |
| Plaintiffs, | No. C20-4019-LTS |
| vs. | |
| KELLY GARCIA, et al., | |
| Defendants. | |

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:

.

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this ___19th day of March_____, 2021.

By: /s/ des, Deputy Clerk
Signature (Clerk's Office Official)
Northern District of Iowa

16

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_3/19/2021\_\_\_\_, to the United States Clerk's Office.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| PAUL MICHAEL HUSTON, et al., | |
| Plaintiffs, | No. C20-4019-LTS |
| vs. | |
| KELLY GARCIA, et al., | |
| Defendants. | |

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_3/19/2021\_\_\_\_, (the date Notice, Waiver and corresponding documents were sent).

Date _____  Signature _____

Printed name _____

As _____ of _____
      (Title)     (Entity)

Date _____  Signature _____

Printed name _____

As _____ of _____
      (Title)     (Entity)

**Address Form**

Case Number: 20-CV-4019-LTS      Date: 3/19/2021

To:    Clerk of Court

RE:    Service on Named Defendants

ALL DEFENDANTS

% Gretchen Witte Kraemer

Department of Justice

Regent and Human Services Division

Hoover State Office Building

1305 E. Walnut Street

Des Moines, IA 50319-0109